"NO FAULT" INSURANCE COVERAGE CANNOT BE APPROVED BY STATE BOARD FOR PROPERTY AND CASUALTY RATES The State Board for Property and Casualty Rates may not approve an Insurance Contract providing for "no fault" insurance coverage. The Attorney General has considered your opinion request wherein you ask, in effect, the following question: "May the State Board for Property and Casualty Rates approve an insurance contract providing for `no fault' insurance coverage?" Statutes dealing with the State Board for Property and Casualty Rates are found in Title 36 O.S. 331 [36-331] through 36 O.S. 348.1 [36-348.1] The duties of the Board are set out in Section 36 O.S. 332 [36-332] supra as follows: "A. The State Board for Property and Casualty rates is hereby vested with the duty and authority of enforcing and administering the provisions of article 9 (Rates and Rating Organizations, Casualty), article 10 (Rates and Rating Organizations; Property), the applicable provisions of article 36 (The Insurance Contract in General) and all applicable provisions of the Insurance Code pertaining to the jurisdiction of the Board in such matters. The Board may make reasonable rules and regulations necessary for effectuating such provisions of this code." (Emphasis added) "B. The Board shall have powers and authorities expressly conferred upon it by or reasonably implied from the provisions of this Code. Article 7 of the Insurance Code defines the types or kinds of insurance coverage which may be written, provides for reinsurance, and sets limits of risk payments. This Article does not make provision for "no fault" insurance, which is paid to policy holders irrespective of legal liability. Provisions are made for liability insurance from which payments are made in connection with "legal liability" and for what is commonly referred to as "medical pay" in which payments are made irrespective of legal liability but which coverage must be a part of or supplemental to a liability insurance policy. Title 36 O.S. 707 [36-707] (1971) provides as follows: "`Casualty insurance' includes vehicle insurance as defined in Section 706 and accident and health insurance is defined in Section 36 O.S. 703 [36-703], of this article, and in addition includes: "1. Liability insurance, which is insurance against legal liability for the death, injury, or disability of any human being, or for damage to property; and provisions of medical, hospital, surgical, disability benefits to injured persons and funeral and death benefits to dependents, beneficiaries or personal representatives of persons killed, irrespective of legal liability of the insured, when issued as an incidental coverage with or supplemental to liability insurance." (Emphasis added) A careful reading of article 36 of the Insurance Code shows that the Insurance Commissioner or the Board for Property and Casualty Rates has great latitude in determining the proper "form" of an insurance contract with respect to what provisions the policy of insurance must contain in order to conform with the Oklahoma Statutes (36 O.S. 3610 [36-3610] through 36 O.S. 3623 [36-3623] (1971)). However, nowhere within article 36 or any other article of the Insurance Code is there language to suggest the Legislature intended for the Board or Insurance Commissioner to have the power to create insurance, not otherwise provided by statute. It is therefore the opinion of the Attorney General that your question be answered in the negative. The State Board for Property and Casualty Rates may not approve an Insurance Contract providing for "no fault" insurance coverage. (Paul C. Duncan)